## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EAZS HARPER,

                Plaintiff

     v.

UNITED STATES OF AMERICA, et al.

                Defendants

CIVIL ACTION NO. 3-12-CV-01292

(NEALON, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

Plaintiff Eazs Harper, proceeding *pro se*, brings the instant action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq* ("FTCA"). Harper is currently incarcerated in the United States Penitentiary in Florence, Colorado. At all times relevant to the instant action, Harper was incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. In his amended complaint, Harper seeks compensatory and punitive damages against the United States and various prison officials for failing to protect him from the assault of a new cellmate introduced to his cell on October 5, 2010. Pending before the Court is Defendants' motion for summary judgment (Doc. 61). For the reasons stated below, it is recommended that Defendants' motion for summary judgment (Doc. 61) be granted.

### I.  BACKGROUND AND PROCEDURAL HISTORY

The above-captioned civil rights action was initiated upon the filing of a complaint on July 5, 2012 by *pro se* Plaintiff Eazs Harper. (Doc. 1). On May 28, 2014, Harper filed an amended complaint in which he raises claims pursuant to *Bivens* and the FTCA, 28 U.S.C. § 2671, *et seq*. (Doc. 55). The action arises out of an October 5, 2010, incident in which Harper was allegedly assaulted by another inmate. (Doc. 55). Specifically, Harper alleges that on

October 5, 2010 at about 10:30 a.m. to 11:30 a.m., Defendants Samson, Eger, and Webb, among other officials, directed him to submit to hand restraints to receive a new cellmate. (Doc. 55). He claims that he "reminded" Defendants of his need for separation from all inmates involved in gang activity, as he was cooperating with the government. (Doc. 55). Harper asserts that the proposed cellmate informed Defendants that he would resort to violence if assigned to a cell with a "snitch." (Doc. 55). He alleges that he informed Defendants Sampson, Eger and Webb, as well as Defendants Snider, Gemberling and Contri that his new cellmate was affiliated with a gang and would assault Harper if forced to cell together. He also alleges that the cellmate's violent history was well documented and that Defendants knew or should have known that the cell assignment would place Harper at a substantial risk of harm. Harper claims that despite his repeated warnings, unidentified officials responsible for effectuating the cell assignment introduced the cellmate to Harper's cell while Harper was in restraints, which resulted in Harper being immediately assaulted by the new cellmate.

Harper seeks compensatory and punitive damages, costs of litigation, attorney's fees, and equitable relief against prison officials whom he claims failed to protect him from the assault by the cellmate. Harper has also asserted an FTCA claim against the United States.

On October 12, 2014, Defendants filed a motion for summary judgment, in which they seek to dismiss from the instant action Defendants Hudson, Snider, Contri, Gemberling, Sampson and Webb for lack of personal involvement in the alleged constitutional violation. (Doc. 61). Moreover, Defendants request that this Court limit the amount of compensatory damages recoverable to $10,000.00 as well as dismiss from this action the demand for punitive damages against the United States. (Doc. 61). Having been fully briefed, this motion is now ripe for disposition.

2

## II.  SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or each part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury ... could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "This burden . . . may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once a properly supported motion for summary judgment has been made, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 247–48. "No issue for trial exists unless the nonmoving party can demonstrate sufficient evidence favoring the nonmoving party such that a reasonable jury could return a verdict in that party's favor." *Metsopulos v. Runyon*, 918 F. Supp. 851, 860 (D.N.J. 1996)(citing *Anderson*, 477 U.S. at 249).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Id.*

## III.   DISCUSSION

### A.   LACK OF PERSONAL INVOLVEMENT

The Defendants have moved for the dismissal of all claims against Defendants Hudson, Snider, Contri, Gemberling, Sampson and Webb for lack of personal involvement in the alleged violations of Harper's federal constitutional and statutory rights. (Doc. 65). An allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability under *Bivens*, as a defendant must have personal involvement in a civil rights action . *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Padilla v. Beard*, No.1:CV-06-0478, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. Consequently, evidence

4

of a supervisor's mere failure to train, supervise, or discipline subordinate officers will not provide a basis for a § 1983 claim against the supervisor absent proof of direct participation by the superior in some unlawful conduct. Specifically, supervisors may be found to have directly participated in the alleged misconduct if they actually partook in violating plaintiff's rights, "directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [the] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Supervisors may also be liable if he or she maintained a policy, practice, or custom, which directly caused the constitutional harm. *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010).[1]

Harper's claims of Defendants' personal involvement rest on allegations that the above named Defendants were responsible for the cell assignment, and moreover, obtained personal knowledge of a substantial risk of harm as a result of alleged warnings given by Harper that the assigned cellmate was affiliated with a rival gang, and that he would be assaulted. (Doc. 55). Moreover, he claims that the above-named Defendants knew or should have known that the cellmate had a documented history of violence against other inmates and further, that Harper was at risk of attack because of his cooperation with the government. (Doc. 55).

---

[1] Defendants also move to dismiss Defendants Hudson and Snider on the basis that liability in a *Bivens* action may not be based on *respondeat superior*. (Doc. 65). However, as stated herein, this Court finds that these Defendants lack the requisite personal involvement in the alleged constitutional violation to sustain a *Bivens* action, and as such, it need not address the issue of supervisory liability. Moreover, it does not appear from the amended complaint that Harper premises liability of these Defendants on a theory of *respondeat superior*.

However, the record reveals that these Defendants were not aware of any potential risk of harm that could result by introducing the assailant to the cell, and moreover, were not responsible for decisions relating to cell assignments. Specifically, affidavits and log sheets submitted by each of the Defendants, together with position descriptions, confirm that Defendants Hudson, Snider, Contri, Webb and Gemberling were not witnesses to the assault on October 5, 2010, did not receive advance notice with respect to the risk of harm posed by the cell assignment, and were not responsible for decisions relating to cell assignments. With respect to Defendant Sampson, the record reflects that while Defendant Sampson responded to the attack on October 5, 2010, he was not involved with introducing the assailant to Harper's cell, he was not informed of any potential for harm that could result from the cell assignment, nor was he, as a prison official, responsible for cell assignments. (*See* Doc. 64-2). Harper does not refute these arguments or otherwise provide evidence showing that these Defendants had personal knowledge that force would be used or that these Defendants were directly involved in its use. *See* Fed.R.Civ.P. 56(e) (overcoming a motion for summary judgment requires that the non-moving party "set out specific facts showing a genuine issue for trial"). Accordingly, these Defendants lack the degree of personal involvement required for liability under *Bivens.* As Harper cannot sustain his burden of producing evidence supporting an allegation of personal involvement on the part of Defendants with respect to the actions which he contends violated his rights, this Court recommends dismissal as to the claims against Defendants Hudson, Snider, Contri, Gemberling, Sampson and Webb.

## B. Demand For Compensatory Damages

The Defendants have moved to limit Harper's claim for compensatory damages to the amount stated in his administrative tort claim. (Doc. 61).Claims brought under the Federal Tort

Claims Act ("FTCA"), such as Harper's claim in this case, must first be presented to the appropriate federal agency. 28 U.S.C. § 2675(a). If the claim is rejected, then the plaintiff is authorized under the FTCA to file suit. However, the plaintiff is prevented from recovering "any sum in excess of the amount of the claim presented to the federal agency" unless one of two exceptions are met. 28 U.S.C. § 2675(b). Specifically, the awarded damages may exceed the claim "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," or where there are "intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(a). The plaintiff has the burden of satisfying one of these exceptions. *Schwartz v. United States,* 446 F.2d 1380, 1381–82 (3d Cir.1971). Here, Harper filed an administrative tort claim on July 1, 2011, seeking to be compensated in the amount of $10,000.00. (Doc. 64-2). That claim was denied by the Northeast Regional Counsel's Office on January 6, 2012. (Doc. 24-2, at 9). Harper's amended complaint does not specify the amount of damages sought in his FTCA claim, but the Defendants correctly note that Harper cannot recover in this lawsuit more than the amount he sought in his administrative tort claim, absent a showing of "newly discovered evidence" or "upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. 2675(b). While Harper claims that new evidence has come to light in that he has recently discovered "that his injuries will not improve without surgery," Harper has failed to proffer evidence supporting this claim. (Doc. 69, at 31). As Harper has failed to sustain his burden of showing newly discovered evidence or intervening facts relating to his claims that would justify judgment for a sum in excess of the administrative claim, it is recommended that Harper's claim for compensatory damages be limited to $10,000.00. *See generally Schwartz v. United States*, 446 F.2d 1380 (3d Cir. 1971).

C.  DEMAND FOR PUNITIVE DAMAGES

Defendants have also correctly identified that Harper cannot recover punitive damages against the United States in his FTCA action. Specifically, the FTCA clearly bars recovery of punitive damages as against the United States. *See* 28 U.S.C. § 2674 ("The United States . . . shall not be liable . . . for punitive damages."). Therefore, to the extent that Harper seeks punitive damages against the United States, this Court recommends granting Defendants' motion for summary judgment with respect to Harper's request for punitive damages in his amended complaint.

## IV.  RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motion for partial summary judgment (Doc. 61), be **GRANTED**;

2. Plaintiff's Eighth Amendment claim against Defendants Hudson, Snider, Contri, Gemberling, Sampson and Webb be **DISMISSED WITH PREJUDICE** pursuant to Fed.R.Civ.P. 56;

3. Plaintiff's claim for compensatory damages against the United States be limited to $10,000.00;

4. Plaintiff's claim for punitive damages against the United States be **DISMISSED WITH PREJUDICE**; and

5. This matter be remanded to the undersigned for any further proceedings.

**BY THE COURT:**

Dated: **January 7, 2015**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

8

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EAZS HARPER, | |
| Plaintiff | CIVIL ACTION NO. 3-12-CV-01292 |
| v. | (NEALON, J.)<br>(MEHALCHICK, M.J.) |
| UNITED STATES OF AMERICA, et al. | |
| Defendants | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 7, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 7, 2015**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**