**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EAZS HARPER, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:12-CV-1292 |
| | : | |
| v. | : | |
| | : | (Judge Nealon) |
| | : | (Magistrate Judge Mehalchick) |
| UNITED STATES OF AMERICA, | : | |
| ET AL., | : | |
| Defendants | : | |

## **MEMORANDUM**

## **BACKGROUND**

On June 5, 2012, Plaintiff, Eazs Harper, an inmate currently confined at the United States Penitentiary in Florence, Colorado, filed, pro se, the instant action pursuant to 28 U.S.C. § 1331 (Bivens v. Six Unknown Named Agents of FederalBureau of Narcotics, 403 U.S. 388 (1971)), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., for events that occurred while he was confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1). Plaintiff alleges that, despite reminding Defendants of his need to be separated from all persons who were in gangs or associated with gangs due to his cooperation with the government, Defendants failed to protect and intervene because they placed him in handcuffs and into a cell with a known gang member and failed to intervene when this cellmate assaulted him. (Id.).

On January 22, 2013, the case was verbally reassigned to Magistrate Judge Martin C. Carlson. On July 2, 2013, Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment, a brief in support, and a statement of facts. (Docs. 21, 23, 24). On July 17, 2013, the case was verbally referred to Magistrate Judge Karoline Mehalchick. On February 20, 2014, Magistrate Judge Mehlachick issued the first Report and Recommendation, recommending that the Court grant Defendants' motion for summary judgment on Plaintiff's failure to protect and intervene claims, grant Defendants' motion to dismiss Plaintiff's FTCA claim, and dismiss Plaintiff's request for an injunction. (Doc. 43). On March 12, 2014, Plaintiff filed objections to the R&R. (Doc. 45).

On May 1, 2014, this Court issued a Memorandum and Order ("M&O") on May 1, 2014, adopting in part the first Report and Recommendation effectively: (1) denying Defendants' motion for summary judgment on the Eighth Amendment and FTCA claims; (2) granting Defendants' motion for summary judgment on the injunctive relief claim; (3) dismissing and terminating Defendants Samuels, Thomas, Bledsoe, and Young from the action; (4) dismissing the official capacity claims against Hudson; (5) denying Defendants' motion for summary judgment based on lack of personal involvement of Defendants Hudson, Snider, Gemberling, and Contri; (6) denying Defendants' motion for summary judgment

2

based on qualified immunity as premature; and (7) directing Plaintiff to file an amended complaint. (Docs. 52, 53).

On May 28, 2014, Plaintiff filed an amended complaint against Defendants Carrasquilla, Contri, Edinger, Eger, Gemberling, Hudson, Other Unknown Actors on Behalf of USP-Lewisburg, Poeth, Sampson, Snider, United States of America, and Webb. (Doc. 55). In his amended complaint, Plaintiff seeks compensatory and punitive damages against these Defendants for failing to protect him from the assault of a new cellmate introduced to his cell on October 5, 2010. (Id.).

On August 12, 2014, Defendants filed a motion for partial summary judgment. (Doc. 61). Defendants filed a brief in support and a statement of facts on September 9, 2014. (Docs. 64, 65). This motion seeks to dismiss Defendants Hudson, Snider, Contri, Gemberling, Sampson, and Webb on the ground that they lacked personal involvement in the alleged constitutional violation. (Doc. 61); (Doc. 65, pp. 1, 6-13). Defendants also ask that the amount of compensatory damages be limited to $10,000.00, and the punitive damages claim against the United States be dismissed from the action. (Doc. 65, pp. 14-15). On December 15, 2014, Plaintiff filed a brief in opposition. (Doc. 69). On December 29, 2014, Defendants filed a reply brief. (Doc. 70).

On January 7, 2015, Magistrate Judge Mehalchick issued a second Report

and Recommendation ("R&R") regarding Defendants' motion for partial summary judgment, recommending that: (1) Defendants' motion for summary judgement be granted; (2) Plaintiff's Eight Amendment claim against Defendants Hudson, Snider, Contri, Gemberling, Sampson, and Webb be dismissed with prejudice; (3) Plaintiff's compensatory damages against the United States be limited to ten thousand dollars ($10,000.00); (4) Plaintiff's FTCA claim for punitive damages against Defendant United States of America be dismissed with prejudice; and (5) this matter be remanded to Magistrate Judge Mehalchick for any further proceedings. (Doc. 71). After several extensions of time to file objections were granted, Plaintiff has failed to file objections to the R&R. The matter is now ripe for review, and for the reasons set forth below, the R&R will be adopted.

**STANDARD OF REVIEW**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. 636(b)(1)(c). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F.

Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**DISCUSSION**

Initially, Magistrate Judge Mehalchick sets forth the procedural background and standard of review for a motion for summary judgment, which are adopted herein. (Doc. 71, pp. 1-4).

1. **Lack of Personal Involvement**

In the motion for partial summary judgment, Defendants argue that all claims against Defendants Hudson, Snider, Contri, Gemberling, Sampson, and Webb should be dismissed from this action for lack of personal involvement in the alleged violations of Plaintiff's federal constitutional and statutory rights. (Doc. 65, pp. 6-13). Plaintiff's claims of Defendants' personal involvement are based on his allegations that these Defendants were responsible for the cell assignment, and

obtained personal knowledge of a substantial risk of harm as a result of the alleged warnings given by Plaintiff that the assigned cellmate was affiliated with a rival gang. (Doc. 55, pp. 16-19, 21, 25); (Doc. 69, pp. 9-11, 18, 20, 22, 24); (69-1, pp. 6-10); (Doc. 71, p. 5). Plaintiff also claims that the above-named Defendants knew or should have known that the cellmate had a documented history of violence against other inmates, and that Plaintiff was at risk of attack due to his cooperation with the government. (Id.).

Magistrate Judge Mehalchick found that the "record reveals that these Defendants were not aware of any potential risk of harm that could result by introducing the assailant to the cell, and were not responsible for decisions relating to cell assignments." (Doc. 71, p. 6). Specifically, Magistrate Judge Mehalchick stated in the R&R that:

> affidavits and log sheets submitted by each of the Defendants, together with position descriptions, confirm that Defendants Hudson, Snider, Contri, Webb and Gemberling were not witnesses to the assault on October 5, 2010, did not receive advance notice with respect to the risk of harm posed by the cell assignment, and were not responsible for decisions relating to cell assignments.

(Id.). In regards to Defendant Sampson, Magistrate Judge Mehalchick found that:

> while Defendant Sampson responded to the attack on October 5, 2010, he was not involved with introducing the assailant to [Plaintiff's] cell, he was not informed of any potential for harm

6

>that could result from the cell assignment, nor was he, as a prison official, responsible for cell assignments.

(Doc. 71, p. 6) (citing Doc. 64-2). Magistrate Judge Mehalchick also noted that Plaintiff has not refuted these arguments or "otherwise provide evidence showing that these Defendants had personal knowledge that force would be used or that these Defendants were directly involved in its use." (Id.) (citing FED. R. CIV. P. 56(e)). As a result, Magistrate Judge Mehalchick found that "these Defendants lack the degree of personal involvement required for liability under Bivens." (Id.).

Magistrate Judge Mehalchick concluded that because Plaintiff:

>cannot sustain his burden of producing evidence supporting an allegation of personal involvement of the part of Defendants with respect to the actions which he contends violated his rights, this Court recommends dismissal as to the claims against Defendants Hudson, Snider, Contri, Gemberling, Sampson and Webb.

(Id.). After review, and in the absence of objections, because there is no clear error with Magistrate Judge Mehalchick's R&R, it will be adopted as such.

### 2.  **Demand for Compensatory Damages**

Defendants motion for partial summary judgment also moves to limit Plaintiff's claims for compensatory damages to the amount stated in his administrative tort claim. (Doc. 65, p. 14). Plaintiff filed an administrative tort claim on July 11, 2011, which sought ten thousand dollars ($10,000.00) in

compensatory damages. (Doc. 64-2, p. 2). As noted in the R&R, Plaintiff's amended complaint does not specify the amount of damages sought in his FTCA claim. (Doc. 71, p. 7). Plaintiff's prayer for relief states:

> [t]hat judgment be entered for Plaintiff and against Defendants for compensatory and punitive damages, together with the costs of litigation, including reasonable attorney's fees and costs, and any other equitable or legal relief that the case may require and that the court deem just and proper.

(Doc. 55, p. 23).

Magistrate Judge Mehalchick found that Plaintiff cannot recover more than what he sought in his administrative tort claim unless he presents newly discovered evidence, or alleges and proves intervening facts, relating to the amount of the claim. (Id.) (citing 28 U.S.C. § 2675(b)). Plaintiff alleges that he recently discovered that the injuries he sustained, which form the basis of this action, will not improve with surgery. (Doc. 69, p. 31). However, Magistrate Judge Mehalchick found that Plaintiff has failed to "proffer evidence supporting this claim." (Doc. 71, p. 7). As a result, Magistrate Judge Mehalchick recommends that Plaintiff's claim for compensatory damages be limited to ten thousand dollars ($10,000.00). (Id.) (citing Schwartz v. United States, 446 F.2d 1380 (3d Cir. 1971)). After review, and in the absence of objections, because there is no clear error with Magistrate Judge Mehalchick's R&R, it will be adopted

as such.

### 3. Punitive Damages

Defendants move to preclude Plaintiff from recovering punitive damages from his FTCA claim. (Doc. 65, pp. 14-15). Plaintiff responds in his brief in opposition by arguing that he does not seek punitive damages for his FTCA claim. (Doc. 69, pp. 33-34). Magistrate Judge Mehalchick found that, pursuant to 28 U.S.C. § 2674, Plaintiff "cannot recover punitive damages against the United States in his FTCA action." (Doc. 71, p. 8). Thus, Magistrate Judge Mehalchick recommends that, to the extent that Plaintiff seeks punitive damages against the United States, this Court grant Defendants' motion for partial "summary judgment with respect to Plaintiff's request for punitive damages in his amended complaint." (Id.). After review, and in the absence of objections, because there is no clear error with Magistrate Judge Mehalchick's R&R, it will be adopted as such.

## CONCLUSION

In the absence of objections, and because there is no clear error with Magistrate Judge Mehalchick's Report and Recommendation, it will be adopted as such.

A separate Order will be issued.

Date: March 31, 2015

/s/ William J. Nealon
**United States District Judge**